## No. 5347.

### GEORGE W. BYRNE VS. HIBERNIA NATIONAL BANK.

The court will not supply the plea of *res adjudicata,* nor consider evidence that supports it, when the plea is not made.

If two creditors are each alert to obtain advantages from their failing debtor to the exclusion of other creditors, and one succeeds, the other cannot complain as against him who succeeds. In a contest between these two alone, he who has failed to accomplish what he attempted has no action against the other.

Where one pays the debt of another and by such payment obtains from the creditor a transfer of a pledge of property made to secure that debt, and realizes the proceeds of sale of the pledged property, he is without cause of complaint against the creditor, and cannot recover back any portion of the debt thus paid.

APPEAL from the Sixth District Court of New Orleans.  SAUCIER, J.

*McGloin* for Plaintiff.  *Gilmore & Sons* for Defendant Appellant.

MANNING, C. J.  The plaintiff sues to recover twenty-five hundred and twenty-five dollars, alleged to have been paid to the defendant in error, under these circumstances.

John J. O'Brien had overdrawn his account with the Hibernia Bank in October, 1872, greatly to the alarm of the officers of that institution, except one, through whose connivance the account had reached its then condition.  The plaintiff had extensive business connections with O'Brien, and came to his relief at this juncture.  The agreement made by these two, with a knowledge of which he charges the bank, was that the plaintiff was to pay the bank whatever sum O'Brien owed as a depositor, or in other words, was to pay the bank the sum that O'Brien had overdrawn.  Upon inquiry at the bank he was informed this sum was $7,242.19 and he paid it.  His allegations are that he subsequently discovered that sum was too large by

Byrne *vs.* Hibernia National Bank.

the amount claimed in this suit, and that the misstatements and false representations of the officers of the bank, to whom he looked for truthful and accurate information, misled him, and the payment was thus made in error, occasioned by the defendant.

The cause of O'Brien's pecuniary embarrassment was a speculation in bacon. He had about one hundred and fifty thousand dollars invested in it, or rather he had bought to that extent, and in his conduct of these operations had become debtor to Byrne nearly one-third of that sum. The market had fallen, and after little delay, O'Brien went to protest. The scramble among those interested took place while his failure seemed imminent, and before the actual catastrophe.

The bank moved instantly, and through an energetic director obtained a pledge of over two hundred casks of bacon from O'Brien, and was safe. Byrne was largely interested in O'Brien's affairs, and was also receiving from him bacon in large quantities, and wanted to get hold of the bacon which the bank had in pledge. Here lies the secret of Bryne's offer to the bank seemingly in O'Brien's interest.

His cheque for $7,242.19 was given to the bank, and he obtained the transfer of all the bacon which the bank had remaining of the quantity pledged, which was sold by Byrne for over $12,000.

The plea of *res judicata* has not been made, and it is not for us to supply it, but outside of the perfect defence which the proof contained in that record would have made in support of that plea, we find sufficient to warrant us in refusing the plaintiff's demand. If the bank was alert in obtaining large quantities of bacon from O'Brien (and it appears to be the only thing he had) to the exclusion of the creditors, and for the purpose of satisfying her claim, it is not for Byrne to complain of it, since he was doing the same thing himself. He must have known that the bank would not release its pledge so long as any part of O'Brien's debt to it was unpaid, and it was in expectation of such release, and for the purpose of procuring it, that he paid that debt. This payment secured to him the benefit of a considerable quantity of property which the bank had ready to transfer to him, and which he subsequently sold for several thousand dollars more than his payment to the bank on O'Brien's behalf.

*Judgment reversed and for defendant.*